**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randy MITCHELL, a.k.a. Frog, Defendant–Appellant.**

**No. 13–50509.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2014.\*

Filed Oct. 20, 2014.

Jean–Claude Andre, Assistant U.S., Stephanie Christensen, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Law Office of Davina T. Chen, Glendale, CA, for Defendant–Appellant.

Randy. Mitchell, Herlong, CA, pro se. ,

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

MEMORANDUM \*\*

Randy Mitchell appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2), *see United States v. Pleasant,* 704 F.3d

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

808, 810 (9th Cir.), *cert. denied*, —— U.S. ——, 134 S.Ct. 824, 187 L.Ed.2d 688 (2013), and we affirm.

Mitchell contends that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines. This contention fails because Mitchell was sentenced as a Career Offender under U.S.S.G. § 4B1.1. Thus, his sentence was not "based on" a Guidelines range that was lowered by the amendment. *See* 18 U.S.C. § 3582(c)(2); *United States v. Charles*, 749 F.3d 767, 770–71 (9th Cir.2014). Moreover, a sentence reduction would not be consistent with U.S.S.G. § 1B1.10(a)(1), the applicable policy statement, because the applicable Guidelines here are the Career Offender Guidelines. *See* 18 U.S.C. § 3582(c)(2); *Pleasant*, 704 F.3d at 811–12. This is true even though the district court varied downward from the Career Offender range at sentencing. *See Pleasant*, 704 F.3d at 812. Mitchell's contention that the district court erred when it determined at sentencing that he was a Career Offender is not cognizable in a section 3582(c)(2) proceeding. *See United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir.2011).

**AFFIRMED.**